C
O
P
Y

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. 0-3510
Re: Will it be possible for
the qualifying oaths of
newly appointed notaries
public to be taken prior
to June 1st?

Your recent receipt for an opinion of this Department
on the above stated question has been received.

We quote from your letter as follows:

"Ceratin agents of insurance companies here
interested in writing bonds for the newly appointed
Notary Publics have asked me whether or not it will
be possible for them as notaries to take the qual-
ifying oaths of said newly appointed Notaries prior
to June 1, which is the date their appointments
expire, in order to have all of the papers ready for
filing the first thing June 1. It is the desire
of these agents to do this since some of them have
100 or more bonds  to execute and everyone of course
is anxious to be qualified as soon as possible after
the expifition of their other appointment.

"I can see no objection  to this procedure since
under the law, Article 5951, it only requires an
appearance before the County Clerk within ten days
after his appointment and it would seem to me that
the oath could be taken at any time after the appointment
has been made and irrespective of whether or not
the previous appointment has expired.

"I am addressing this communication to you
since it is very important that the notaries qualify
properly in order that their acts may not be invalid.
I would appreciate a reply from you just as soon as
possible and before May 31 if at all possible."

Article 5949, Vernon's Annotated Civil Statutes, provides:

"The Secretary of State of the State of Texas
shall appoint a convenient number of notaries
public for each county. Notaries public may be
appointed at any time, but the terms of all notaries
public shall end on June 1st of each odd numbered
year. To be eligible for appointment as notary
public, a person shall be at least twenty-one (21)
years of age and a resident of the county for which
he is appointed."

Under the provisions of Article 5951, Vernon's Annotated
Civil Statutes, when a person has been appointed notary the
Secretary of State is required to forward the commission to the
clerk of the county where the notary resides, and in the absence
of evidence to the contrary, it will be presumed that this duty
has been performed. As a rule, the notary must qualify within
ten days after he has been notified to appear before the county
clerk; and if he fails in this the appointment becomes a
nullity, (Faubion v. State, 282 S. W. 597), in which case the
clerk must certify on back of the commission that the appointee
has failed to qualify, and return it to the Secretary of State -
(Article 5952, Vernon's Annotated Civil Statutes). Notaries
are required to take and subscribe the official oath, and to
execute bond payable to the Governor, conditioned for the
faithful performance of the duties of the office. The bond
(for $1,000) must be approved by, and recorded and deposited
in the office of the county clerk - (Article 5953, Vernon's
Annotated Civil Statutes).

In view of the foregoing statutes, it is the opinion of
this Department that after the Secretary of State has forwarded
the commission to the county clerk of the county where the party
resides, it is the duty of said clerk to immediately notify the
party to appear before him within ten days, pay for his commis-
sion and qualify according to law. It is our further opinion
that the person appointed notary public can qualify as a notary
public after the Secretary of State has forwarded the commission
to the county clerk before June 1st by taking the oath and

giving bond as required by the above mentioned statute. It will be noted that under Article 5949, supra, that notaries public may be appointed at any time. However, Article 5951, supra, sets forth the manner in which such notaries shall qualify.

Notaries who are now serving as such and who have been reappointed may qualify before June 1st as above stated. However, such notaries do not assume their duties under the new appointment as such until June 1st, although they have qualified as above stated.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

S/  Ardell Williams
Assistant

AW:N

APPROVED MAY 28, 1941
S/  Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED-Opinion Committee

By BWB - Chairman